## 42583. VAUGHN v. VAUGHN.
### (337 SE2d 763)

PER CURIAM.

Judgment affirmed without opinion pursuant to Rule 59 of this court.

*All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

I dissent.

The parties were divorced. They continued to live together, ostensibly as husband and wife. After a period of time, the former husband underwent a ceremony of marriage with another woman, and the two of them now have a small child.

Soon after that ceremony, Vaughn's first wife filed an action against him, alleging that the parties had become married "by the common law," and were then husband and wife, notwithstanding the earlier divorce. She sought alimony and other relief. The question of the alleged marriage was tried by a jury, which found in favor of the first wife.

That finding, of course, had the effect of voiding the ceremonial marriage which Vaughn had undertaken, and imposing upon the child born to the parties all of the disadvantages of what the law terms "illegitimacy."

In a concurring opinion in *Johnson v. Green*, 251 Ga. 645 (309 SE2d 362) (1983), the writer undertook to set out some of the hazards inherent in the recognition of "common law marriage," and suggested that, while it ought not be abolished by judicial interpretation, it would be entirely appropriate to refashion the standard of evidence required to carry the burden of proof as to the existence of such a marriage. This suggestion was directed specifically to instances such as that before us, where the relationship later insisted upon as a "marriage" commenced in illicit cohabitation.

"There should be, in my opinion, but two instances which enlightened policy can recognize as adequate to carry this burden.

"This first is — obviously — proof of a ceremonial marriage in substantial accord with the requirements of statute law.

"The second is the birth of a child or children to the parties." 251 Ga. at 647.

This case, once again, illustrates the pitfalls of "common law marriage," including the bastardization of an innocent child. We do not pursue a policy of fostering marriage when we discount it to a swearing match. A sensible legal system of domestic laws must provide that a person is either *married* or *not* married — one or the other. It should not take a jury trial, with all of its agony, cost, and delay, to answer that simple inquiry.

DECIDED OCTOBER 23, 1985.

*Dewey N. Hayes, Jr., Donald A. Starling,* for appellant.
*Douglas W. Mitchell III,* for appellee.